UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>KENNETH JAMES FRENCH,<br><br>    Defendant. | No. 13-CR-06051-RHW-1<br><br>13-CR-06052-RHW-3<br><br>ORDER MODIFYING THE CONDITIONS OF RELEASE<br><br>☒ ACTION REQUIRED |

Date of Motion hearing: 07/31/2013

**IT IS ORDERED** that the release of the Defendant is subject to the following:

**STANDARD CONDITIONS OF RELEASE**

(1) Defendant shall not commit any offense in violation of federal, state or local law. Defendant shall advise the supervising Pretrial Services Officer and defense counsel within one business day of any charge, arrest, or contact with law enforcement. Defendant shall not work for the United States government or any federal or state law enforcement agency, unless Defendant first notifies the supervising Pretrial Services Officer in the captioned matter.

(2) Defendant shall immediately advise the court, defense counsel and the U.S. Attorney in writing before any change

ORDER - 1

      in address and telephone number.

(3)   Defendant shall appear at all proceedings as required and shall surrender for service of any sentence imposed as directed.

(4)   Defendant shall not possess a firearm, destructive device or other dangerous weapon.

(5)   Defendant shall report to the United States Probation Office before or immediately after release and shall report as often as they direct, at such times and in such manner as they direct.

(6)   Defendant shall contact defense counsel at least once a week.

(7)   Defendant is further advised, pursuant to 18 U.S.C. § 922(n), it is unlawful for any person who is under indictment for a crime punishable by imprisonment for a term exceeding one year, to possess, ship or transport in interstate or foreign commerce any firearm or ammunition or receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

(8)   Defendant shall refrain from the use or unlawful possession of a narcotic drug or other controlled substances, defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner. Defendant may not possess or use marijuana, regardless of whether Defendant has been prescribed a medical marijuana card.

(9)   Defendant shall not apply for a new passport.

**BOND**

(10)   Defendant shall:

    ☒ Execute:    ☒   **$50,000.00**   percentage bond.

**$5,000.00** shall be paid by posting a vehicle title in lieu of cash. The defendant shall make arrangements with the Federal District Court Clerk in Richland, Washington by **Friday, August 2, 2013 at 5 p.m.** The vehicle must remain insured as a condition of release on bond pending the resolution of this case.

**ADDITIONAL CONDITIONS OF RELEASE**

ORDER - 2

Upon finding that release by one of the above methods will not by itself reasonably assure the appearance of the Defendant and the safety of other persons and the community:

**IT IS FURTHER ORDERED** that the release of the Defendant is subject to the following additional conditions:

☒ **(11)** Maintain or actively seek lawful employment.

☒ **(12)** Defendant shall remain in the:

☒ Eastern District of Washington or ☐ State of Washington

while the case is pending. On a showing of necessity, and with prior notice by the defense to the assigned Assistant U.S. Attorney, the Defendant may obtain prior written permission to temporarily leave this area from the United States Probation Office.

☐ Exceptions: _____

☒ **(13)** Avoid all contact, direct or indirect, with any persons who are or who may become a victim or potential witness in the subject investigation or prosecution, including but not limited to:

KYLE ALLAN HAGEN, AMIR HALIL ALGAAR, LUIS GUILLERMO CIRIANO

☒ **(14)** Avoid all contact, direct or indirect, with:

☐ Known felons    ☒ Co-Defendant(s)

☒ **(15)** Refrain from:    ☐ any    ☒ excessive use of alcohol

☒ **(16)** There shall be no alcohol in the home where Defendant resides.

☒ **(17)** There shall be no firearms in the home where Defendant resides.

ORDER - 3

## SUBSTANCE ABUSE EVALUATION AND TREATMENT

If Defendant is required to submit to a substance abuse evaluation, inpatient or outpatient treatment, the following shall apply:

Defendant shall complete treatment indicated by an evaluation or recommended by Pretrial Services and shall comply with all rules of a treatment program. Defendant shall be responsible for the cost of testing, evaluation and treatment, unless the United States Probation Office should determine otherwise. The United States Probation Office shall also determine the time and place of testing and evaluation and the scope of treatment. If Defendant fails in any way to comply or cooperate with the requirements and rules of a treatment program, Pretrial Services shall notify the court and the U.S. Marshal, who will be directed to immediately arrest the Defendant.

Defendant shall participate in one or more of the following treatment programs:

☒ **(18) Substance Abuse Evaluation:** Defendant shall undergo a substance abuse evaluation:

  ☐ if directed by a U.S. Probation Officer

  ☒ as directed by a U.S. Probation Officer

  ☐ Prior to release, Defendant must have an appointment for a substance abuse evaluation, and the appointment must be confirmed to the court by Pretrial Services. Defendant will be released:

  ☐ one day prior to; or

  ☐ on the morning of his appointment

☒ **(19) Prohibited Substance Testing:** If random urinalysis testing is not done through a treatment program, random urinalysis testing shall be conducted through Pretrial Services, and shall not exceed six (6) times per month. Defendant shall submit to any method of testing required by the Pretrial Service Office for determining whether the Defendant is using a prohibited substance. Such methods may be used with random frequency and include

ORDER - 4

urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing. Defendant shall refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of prohibited substance testing. Full mutual releases shall be executed to permit communication between the court, Pretrial Services, and the treatment vendor. Treatment shall not interfere with Defendant's court appearances.

DATED July 31, 2013.

<u>s/James P. Hutton</u><br>
JAMES P. HUTTON<br>
UNITED STATES MAGISTRATE JUDGE

ORDER - 5